**JOINT COUNCIL ON EDUCATIONAL BROADCASTING and Rochester Area Educational Television Association, Inc., Petitioners,**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents,**

**American Broadcasting-Paramount Theatres, Inc., Federal Broadcasting System, Inc., Star Television, Inc., and Rochester Broadcasting Corporation, Intervenors.**

**No. 16594.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 15, 1962.

Decided June 14, 1962.

Mr. Norman E. Jorgensen, Washington, D. C., with whom Messrs. Louis Schwartz and Robert A. Woods, Washington, D. C., were on the brief, for petitioners.

Mrs. Louise H. Renne, Counsel, Federal Communications Commission, with whom Messrs. Max D. Paglin, General Counsel, Federal Communications Commission, Daniel R. Ohlbaum, Asst. Gen. Counsel, Federal Communications Commission, and Richard A. Solomon, Atty., Dept. of Justice, were on the brief, for respondents. Mrs. Ruth V. Reel, Counsel, Federal Communications Commission, also entered an appearance for respondent, Federal Communications Commission.

Messrs. James A. McKenna, Jr., and Vernon L. Wilkinson, Washington, D. C., were on the brief for intervenor, American Broadcasting-Paramount Theatres, Inc. Messrs. Peter Shuebruk and Herbert M. Schulkind, New York City, were on the brief for intervenor, Star Television, Inc. Messrs. William A. Roberts and Everett D. Johnston, Washington, D. C., were on the brief for intervenor, Federal Broadcasting System, Inc. Mr. Lauren A. Colby, Owego, N. Y., was on the brief for intervenor, Rochester Broadcasting Corporation.

Before WILBUR K. MILLER, Chief Judge, and WASHINGTON and BURGER, Circuit Judges.

WILBUR K. MILLER, Chief Judge.

In 1952 the Federal Communications Commission made 70 UHF (ultra high frequency) channels available for television broadcasting, in addition to the 12 VHF (very high frequency) which were available theretofore. UHF Channels 15, 21 and 27 were assigned to Rochester, New York, in addition to VHF Channels

5 and 10, and UHF Channel 21 was reserved for non-commercial use. The two VHF channels are now occupied by commercial stations but UHF Channel 21 has not been used in Rochester for non-commercial educational purposes, although UHF is practically as satisfactory as VHF for in-school television broadcasting.

In 1957 the possibility arose that another VHF channel might be assigned to Rochester without removing a channel from any other city or departing from applicable engineering standards. Thereupon several proposals for the utilization of such additional channel were made to the Commission, including a request that a rule be made reserving it for non-commercial educational use which was filed by Joint Council on Educational Broadcasting, one of the petitioners here. On November 30, 1960, the Commission adopted a Notice of Proposed Rule Making calling for comments on the proposed new assignment, and included therewith a summary of the pending proposals. A number of formal comments were received. Various parties engaged in commercial television urged that the additional channel be available to commercial applicants. Educational interests, including the petitioner, Rochester Area Educational Television Association, proposed that it be reserved for non-commercial educational use.

On July 27, 1961, the Commission adopted a report and order in which it added VHF Channel 13 to the channels assigned to Rochester, but refused to reserve it for non-commercial educational purposes because of its conclusion that "on balance, there is at this stage greater need for a third competitive commercial service than for the VHF educational reservation." The Commission expressed the view that a reservation of the added channel for educational use probably would for some time deprive Rochester of a third full network program service, but that making it available to commercial applicants "would not similarly frustrate practical possibilities for a non-commercial educational service on an available UHF channel." This view was based, of course, on the fact that the UHF channel already reserved for educational purposes but wholly unused could be utilized 'for in-school use, but that the other two UHF channels assigned to Rochester could not be used at all by commercial stations because there were in the area only a negligible number of receiving sets adapted to UHF.

The Joint Council on Educational Broadcasting and the Rochester Area Educational Television Association petition for review of the Commission's report and order refusing to reserve Channel 13 for educational use.[1] American Broadcasting-Paramount Theatres, Federal Broadcasting System, Star Television and Rochester Broadcasting Corporation, intervenors here, join the respondents, Federal Communications Commission and the United States, in opposing the petition for review.

The parties have stipulated that the questions presented are these:

"(a) Whether the Federal Communications Commission properly refused to reserve Channel 13 at Rochester, New York, for non-commercial educational use.

"(b) Whether the Federal Communications Commission properly found that there was a greater need for a third full-time commercial VHF channel than for a first reserved VHF channel at Rochester, New York."

---

1. Our consideration of the petition is not to be construed as a holding that the Joint Council, which is described therein as "a national organization acting as chief spokesman for the interests of organized education in the field of radio and television," has standing, as a party aggrieved by the Commission's order, to seek review. We entertain the petition because of the undoubted standing of the other petitioner.

In addition, the petitioners contend a third question is this:

"(c) Whether the Commission, by its expressed preference for the programs of a third full-time network commercial service, prejudged any comparative proceedings to be held concerning Channel 13 at Rochester, New York."

Respondents and intervenors do not concede that this third issue is properly before the court, or that it is a correct description of the Commission's decision.

As to the first question, petitioners argue that the Commission's refusal to reserve Channel 13 at Rochester for non-commercial educational use was arbitrary and capricious and an abuse of discretion because "this marked an arbitrary departure from established Commission policy to reserve one of the assigned channels for non-commercial educational use in all communities having three or more VHF assignments."

Thus the petitioners assume (a) that the Commission had an established policy of reserving a VHF channel for non-commercial educational use in every city to which three or more VHF channels were assigned,[2] and (b) that it was bound to adhere to that policy in every instance. As the basis for assumption (a), the petitioners say that, in its Sixth Report and Order on Television Allocations, issued April 14, 1952,[3] the Commission declared its basic policy to be "to reserve one of the assigned channels for noncommercial educational television use in all communities having a total of three or more assignments (whether VHF or UHF)."

■ We do not regard the language just quoted as the declaration of a policy that in every city having three or more VHF channels, one would be reserved for educational use. Rather, it stated the Commission's purpose to make one educational reservation in every community

having three or more channels assigned to it, "whether VHF or UHF"; for the Commission stated it was "convinced that the UHF band will be fully utilized" and "that stations in the UHF band will constitute an integral part of a single, nation-wide television service."[4] Thus the Commission thought that the addition of the UHF band would result in the achievement of two objectives: fully competitive commercial service, and an educational reservation.

So, we conclude the language relied on by the petitioners as the statement of a policy to reserve a VHF channel for non-commercial educational use in every community having three or more VHF channels was not intended to be, and in fact was not, the statement of such a policy. For it did not declare that invariably a VHF channel would be reserved for educational use; it merely stated one of the assigned channels would be so reserved "in all communities having a total of three or more assignments (whether VHF or UHF)." This was done in Rochester in 1952: five channels (two VHF and three UHF) were assigned and one UHF was reserved for educators. Whether this would result in full commercial competition and an educational service depended on whether the UHF band was fully utilized thereafter, as the Commission was convinced it would be.

■ But, if the language quoted from the Sixth Report and Order of 1952 be construed as establishing the policy for which petitioners contend, that policy should not be held to be so rigid and inflexible that the Commission can never deviate from it, after rule-making procedure, in any particular instance where conditions cause it to conclude deviation is in the public interest. In the Sixth Report and Order the Commission expressly disavowed any intention to establish a fixed and permanent policy concerning the reservation of channels for educa-

---

2. The fact that this was the practice in 1952, when the original allocations were made, of course did not establish it as a binding policy.

3. 17 Fed.Reg. 3905, 3911 (1952).

4. Id. at 3927.

tional use. It said (17 Fed.Reg. at 3910):

"* * * [T]he whole of the Table of Assignments including the reservations of channels for noncommercial educational stations is subject to alteration in appropriate rule making proceedings in the future, and any assignments, *whether an educational reservation or not,* may be modified if it appears in the public interest to do so." (Emphasis added.)

█ It would be most unwise, we think, to determine that the regulatory agency's statement in 1952 bound it for all time to adhere to that purpose, without regard to the changes which occur in the developing and expanding television industry; we think Congress did not so intend. Accordingly we hold the Commission's order is not an arbitrary departure from an established policy. Its action was not arbitrary or capricious, even if there were an established policy of the sort contended for by the petitioners; we think, however, there was no such policy.

Although petitioners admit in their brief "that the Act contains no specific mandate of educational reservation" and that the Commission's action "was an act of discretion in a rule-making capacity," they state the following as their position on the second stipulated question:

"The Commission was arbitrary and capricious in its conclusion that a third full-time network commercial program facility is to be preferred to a first full-time non-commercial educational television facility in Rochester, New York, such conclusion being erroneous, unlawful, without reasonable factual or legal basis, and manifestly against the evidence of the educational and cultural needs of the Rochester community for a first full-time non-commercial educational television service."

As we have said, the Commission desired in 1952 to promote the development of a nation-wide competitive television service and was then convinced that making the UHF band available would cause that result to be achieved. But full utilization of the UHF band has not occurred and, as a result, a nation-wide competitive situation has not developed to the extent the Commission anticipated. In 1956 the Commission still considered the development of more competitive services to be "the paramount need";[5] even though the UHF band was not contributing to that result, as it had hoped. It had learned that a fully developed competitive situation among commercial stations in Rochester could not be reached with only two VHF channels available, even though two UHF channels were also assigned for commercial use. It was to promote such development in Rochester that in 1961 the Commission determined to permit commercial interests to apply for the third VHF channel then being assigned to the area.

██ So, in opening the third VHF channel to application by both commercial and educational interests, largely because UHF had not been fully utilized, the Commission was deciding that the need for full competition among commercial stations prevented the making of an educational reservation without a comparative hearing. Such a decision is committed to the Commission, and a court may not overturn its action if there is evidence in the record to support it. Securities and Exchange Comm'n v. Chenery Corp., 332 U.S. 194, 207, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947); Coastal Bend Television Co. v. Federal Communications Comm'n, 98 U.S.App.D.C. 251, 234 F.2d 686 (1956); Logansport Broadcasting Corp. v. United States, 93 U.S.App.D.C. 342, 210 F.2d 24 (1954). We conclude that the Commission's refusal to reserve Channel 13 for educational use had adequate support in the

5. Second Report on Deintermixture, 13 Pike & Fischer, Radio Regulation, 1571, 1574 (1956).

record and was not arbitrary or capricious.

■ We turn to the third issue suggested by the petitioners: whether the Commission's conclusion that Channel 13 should be open to application by commercial as well as educational interests [6] is "unfair and discriminatory and contrary to the public interest, amounting to a prejudgment of any comparative proceedings to be held concerning Channel 13, Rochester, New York."

Although petitioners admit that noncommercial educational groups may freely apply for any available channel and are not limited to making application for a channel reserved for them, they insist that the Commission's decision amounts to "an exclusive reservation for commercial network use." This contention seems to suggest that petitioners think an educational applicant cannot succeed on its merits in a comparative hearing with commercial applicants. Yet the petitioner, Rochester Area Educational Television Association, has applied for Channel 13 along with commercial applicants, and a comparative hearing has been ordered. The petitioners' point seems to be that it will not receive fair and non-discriminatory treatment in that hearing because "the Commission's decision reflects an expressed Commission preference for a commercial network facility in Rochester, and, while all other applications filed propose to broadcast the full ABC network schedule, Petitioner RAETA's [7] application has made no provision for broadcasting the programs of a commercial network."

We reject the suggestion that the Commission will not give fair and impartial consideration to all applicants in the comparative hearing merely because it has indicated that more competition among commercial stations in Rochester is desirable. In spite of that indication, the Commission permitted applications by both commercial and educational interests, thus allowing their proposals to be compared. The educational applicant will have full opportunity to attempt to demonstrate the superiority of its proposed programming, and to argue that on consideration of all relevant factors it is entitled to Channel 13. We have no doubt the Commission can and will give objective consideration to all applications, regardless of its desire that there be more competition among commercial stations in the Rochester area.

Although the petitioners argue that the Commission has prejudged the comparative hearing in favor of commercial interests, it seems to us their real complaint is that the Commission refused to prejudge the matter in their favor by reserving Channel 13 for educational use only. The petitioners say the decision was "manifestly against the evidence of the educational and cultural needs of the Rochester community for a first full-time non-commercial television service." Perhaps so. But it was in accord with the evidence for the need of more competition among commercial stations in the Rochester community, and the Commission merely decided that the evidence as a whole did not require or justify an arbitrary educational reservation and that all proposals should be considered in a comparative hearing.

The Commission's action was in all respects proper. Its order will be upheld.

So ordered.

WASHINGTON, Circuit Judge.

I concur. But I wish to add that in my view the Commission's decision was a narrow one, and that our holding on review is equally narrow. In the first place, this case involves an application to reserve Channel 13 for educational use, rather than a specific application for a

6. The Commission expressed it thus in its challenged report and order:

"We have concluded that in the circumstances before us the public interest would be best served by assigning Channel 13 to Rochester under the stated conditions, and without reserving it for educational use. * * *"

7. This refers to the petitioner, Rochester Area Educational Television Association.

license.  Secondly, a UHF channel had already been reserved in this area for educational purposes.  Finally, it was impractical for the other two UHF channels assigned to Rochester to be used by commercial stations.  A change in one or more of these factors in a future case might well point to a different result. Moreover, I am not greatly impressed by the Commission's argument that UHF is almost as satisfactory as VHF for in-school television.  Although that is an element to be considered, educational television cannot be equated solely with in-school broadcasting, as the Commission undoubtedly would agree.  On balance, I think that the Commission did not abuse its discretion, and that its order should be upheld.